**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| BARRY RICHARDSON, : <br> : <br> : <br> Plaintiff, : <br> : 1:03-CV-60-1(WLS) <br> v. : <br> : <br> DOUGHERTY COUNTY, GEORGIA OFFICE OF : <br> SHERIFF, DOUGHERTY COUNTY, GEORGIA : <br> JAMIL SABA, Individually and in his official : <br> capacity as SHERIFF OF DOUGHERTY COUNTY,: <br> GEORGIA, and DOUGLAS McGINLEY, : <br> Individually and in his individual capacity as : <br> COLONEL FOR OFFICE OF SHERIFF : <br> DOUGHERTY COUNTY, GEORGIA, MARK : <br> SHIRLEY, Individually and in his official : <br> capacity as MAJOR FOR OFFICE OF SHERIFF : <br> DOUGHERTY COUNTY, GEORGIA, JOHN : <br> FIELDS, Individually and in his official : <br> capacity as CAPTAIN FOR OFFICE OF SHERIFF : <br> DOUGHERTY COUNTY, GEORGIA, : <br> : <br> Defendants. : <br> : | |

**ORDER**

Presently pending before the Court are Plaintiff's Motion for Reconsideration (Doc. 75), Plaintiff's Motion for Relief from Judgment (Doc. 76), and Plaintiff's Motion to Extend Time Period to File Notice of Appeal. (Doc. 80).

For the following reasons, Plaintiff's Motion for Reconsideration (Doc. 75) is **DENIED**, Plaintiff's Motion for Relief from Judgment (Doc. 76) is **GRANTED in PART** and **DENIED in PART**, and Plaintiff's Motion to Extend Time Period to File Notice of Appeal (Doc. 80) is **GRANTED**.

**DISCUSSION**

**I.    Plaintiff's Motion for Reconsideration**

Plaintiff moves for reconsideration of the Court's March 31, 2005[1] Order granting

---

[1]    *See* Part II, *infra*.

Defendants' Motion for Summary Judgment and denying Plaintiff's Motion to Strike. (Doc. 72).  Plaintiff contends that the Court did not consider certain arguments and points of law proffered to the Court regarding Plaintiff's state law and retaliation claims and that the Court must vacate the judgment entered on March 31, 2005 to prevent manifest injustice. (Doc. 75).

The Court will only grant a motion for reconsideration when the movant demonstrates that either: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law.  McCoy v. Macon Water Auth., 966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997).

**A.     State Law Claims**

Plaintiff relies primarily on Kilgo v. Department of Corrections, et. al., 202 Ga. App. 50 (1991), in support of his argument that the Court made a clear error of law by concluding "that sovereign immunity bars a claim alleging the violation of a constitutional right under Georgia law, with regard to Plaintiff's claims of retaliation, and in its entirety to the extent that the Court's order is premised on the fact that Plaintiff committed the act that he was accused of by defendants, when there is no admissible evidence that Plaintiff committed the alleged act, and to the extent that the Court implicitly concluded that polygraph results were admissible evidence." (*See* Doc. 72).  Plaintiff further argues that the Court incorrectly concluded that he did not dispute that sovereign immunity under Georgia law protects a governmental entity unless clearly waived by law or covered by insurance.  As a result of this purported incorrect conclusion, Plaintiff maintains that the Court failed to consider his arguments regarding sovereign immunity and liberty interests.  *Id*.

The Court necessarily considered Plaintiff's arguments regarding sovereign immunity and liberty interests in rendering the aforementioned Order; and the Court does so again in the instant Order.  The holding in Kilgo is inapplicable to the instant case.  Kilgo involved a federal civil rights claim brought pursuant to 42 U.S.C. § 1983 for violation of the Eighth Amendment to the United States Constitution.  Kilgo neither involved nor referenced any state law claims.  In the instant case, neither did Defendants argue nor did the Court rule that Defendants were entitled to sovereign immunity regarding Plaintiff's federal constitutional claims.  According to

Georgia law, Defendants are entitled to sovereign immunity regarding Plaintiff's state law claims unless there is a clear statutory waiver of that defense.  See Echols v. DeKalb Co, 146 Ga. App. 560, 561 (1978).   Plaintiff has not cited to any statutory waiver of Defendants' sovereign immunity.   Plaintiff has also not come forth with any new law or previously unattainable evidence that would support his motion for reconsideration respecting the state law claims.

Plaintiff therefore fails to raise any new issues, concerning either the law or the facts, that move the Court to alter or amend its prior decision.  Respecting Plaintiff's state law claims, Plaintiff's Motion for Reconsideration (Doc. 75) should be, and hereby is, **DENIED**.

**B.    Retaliation Claim**

With respect to his retaliation claim, Plaintiff contends that the Court improperly denied his motion to strike polygraph evidence, failed to properly consider evidence that he presented, and further reviewed the evidence presented in a light most favorable to Defendants contrary to the summary judgment standard. (*See* Doc. 75).  In support of his motion for reconsideration, Plaintiff essentially repeats arguments made in his prior briefs.  Plaintiff brings forth neither facts nor law regarding the retaliation claim in the instant motion.  Plaintiff points to no new evidence, no intervening change in the law or evidence that the court has made a clear error of law.   Further, Plaintiff makes no substantive showing that the Court has either applied an incorrect standard, applied a standard incorrectly or failed to properly address an issue.

Respecting his retaliation claim, Plaintiff's Motion for Reconsideration (Doc. 75) is **DENIED** accordingly.

**II.    Plaintiff's Motion for Relief from Judgment**

The Court granted Defendants' motion for summary judgment on March 31, 2005. (Doc. 72). An error in drafting showed a date of September 31, 2005, instead of the correct date.  To the extent that the order reflects the incorrect date, that portion of the order is **STRICKEN** and should read "March 31, 2005." *See* Fed. R. Civ. P. 60(a).  Plaintiff provides no evidence to the Court of any "exceptional circumstances [ ] that demonstrate why the Court's judgment was [otherwise] manifestly unjust." (*See* Doc. 76).  A simple drafting error does not amount to an exceptional circumstance nor does it entitle Plaintiff to relief "because of

mistake, inadvertence or surprise." *Id*.

Plaintiff's Motion for Relief from Judgment (Doc. 76) is **GRANTED in PART** only with respect to the change in date.  It is otherwise **DENIED**.

**III**.    **Plaintiff's Motion to Extend Time Period to File Notice of Appeal**

As Plaintiff has filed two post summary judgment motions, which arguably toll the running of the time for Plaintiff to file his notice of appeal, Plaintiff's motion is due to be granted.  Therefore, Plaintiff's motion for an extension of time to file his notice of appeal is **GRANTED**. (Doc. 80). Plaintiff shall have the time allowed by law, starting from the date of filing this order, in which to file his notice of appeal.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Reconsideration (Doc. 75) is **DENIED**, Plaintiff's Motion for Relief from Judgment (Doc. 76) is **GRANTED in PART** and **DENIED in PART**, and Plaintiff's Motion to Extend Time Period to File Notice of Appeal (Doc. 80) is **GRANTED**.

**SO ORDERED**, this   18th   day of October, 2005.

           /s/W. Louis Sands           
**W. Louis Sands, Chief Judge**
**United States District Court**